**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-02031-001-TUC-RM (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Xavier Joaquin Colgan, | |
| Defendant. | |

On January 23, 2023, this Court sentenced Defendant Xavier Joaquin Colgan ("Colgan") and Co-Defendant Stefany Lynn Borja ("Borja") to a four-year term of probation for conspiracy to transport illegal aliens for profit. (Doc. 76.) Mandatory condition # 1 of Colgan's probation prohibited him from committing another federal, state, or local crime. (*Id.*)

A Petition to Revoke Probation was filed on January 27, 2023, alleging that Colgan had violated mandatory condition # 1. (Doc. 78.) Magistrate Judge Jacqueline M. Rateau held an evidentiary hearing and thereafter issued a Report and Recommendation ("R&R"), recommending that this Court find Colgan violated mandatory condition # 1. (Doc. 97.) Colgan filed an Objection (Doc. 103), to which the Government responded (Doc. 105).[1]

. . . .

. . . .

---

[1] Defendant filed a duplicate of his Objection at Doc. 104.

## I. Legal Standard

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation"). "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

## II. Background

At the evidentiary hearing before Magistrate Judge Rateau, United States Probation Officer Alexis Mesko testified that Borja provided notice that she and Colgan had been arrested on January 24, 2023. (Doc. 103-1 at 5, 9-10.) Officer Mesko verified the arrest by contacting local police dispatch in Flagstaff, Arizona. (*Id.* at 10.) She also reviewed the police reports prepared by the arresting officers and spoke to both Borja and Colgan about the altercation that led to the arrests. (*Id.* at 11-14.)

Colgan was arrested on misdemeanor charges of assault and disorderly conduct. (Doc. 83 at 9.) Borja reported to Officer Mesko that Colgan had assaulted her, choked her, and dragged her from a room after she confronted him about an ex-girlfriend and accidentally hit him in the genitals. (Doc. 103-1 at 12, 26.) Colgan reported that things "got physical" and "out of hand" with Borja. (*Id.* at 13.) Officer Mesko viewed a large bruise on Borja's shoulder that Borja stated was from Colgan hitting her. (*Id.* at 12.) Officer Mesko did not view any physical injuries on Colgan. (*Id.* at 27.) Borja is substantially smaller than Colgan. (*Id.* at 24.) She told Officer Mesko that Colgan had assaulted her in the past. (*Id.*) The arrest notes in Colgan's booking sheet indicate Colgan told responding police officers that he had dragged Borja out of a bedroom, causing red marks on her body, before she hit him in the genitals, and that he had dragged her again after she hit him. (Doc. 83 at 10.)

Based on the testimony at the evidentiary hearing and the reports of the arresting

officers, Magistrate Judge Rateau's R&R recommends that this Court find the Government has proven by a preponderance of the evidence that Colgan committed the local offenses charged in the Petition to Revoke Probation. (Doc. 97.) The R&R finds that, while a defense of self-defense could potentially exonerate Colgan at trial on the local offenses, it does not exonerate him of a probation violation "given the standard needed to revoke a probationary term." (*Id.* at 5.)

### III.  Discussion

Colgan objects to the R&R's finding that he violated mandatory condition # 1 of his probation, arguing that he presented unrefuted evidence establishing a justification defense of self-defense. (Doc. 103.) In response, the Government argues that the R&R correctly found that the Government proved by a preponderance of the evidence that Colgan violated mandatory condition # 1. (Doc. 105 at 4-5.) The Government further argues that a justification defense under Arizona law should not apply at a revocation proceeding, and that even if such a defense is applicable, the Government proved by a preponderance of the evidence that Colgan did not act in self-defense. (*Id.* at 5-7.)[2]

Under Arizona law, a person commits assault if he "[i]ntentionally, knowingly, or recklessly causes any physical injury to another person." A.R.S. § 13-1203(A)(1). A person commits disorderly conduct if he "[e]ngages in fighting, violent or seriously disruptive behavior" with the intent to disturb the peace or quiet of a person or with knowledge of doing so. A.R.S. § 13-2904(A)(1).

---

[2] Neither party objected to the R&R's finding that the Government must prove a probation violation by a preponderance of the evidence, and this Court accordingly applies that standard. *See* Fed. R. Crim. P. 59(b)(2) ("Failure to object . . . waives a party's right to review). The Court notes that, unlike the statute governing revocation of supervised release, the statute governing revocation of probation says nothing about the level of evidence required. *Compare* 18 U.S.C. § 3565(a) (probation), *with* 18 U.S.C. § 3583(e)(3) (supervised release). The Ninth Circuit has held that "[t]he standard of proof required is that evidence and facts be such as reasonably to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *United States v. Guadarrama*, 742 F.2d 487, 489 (9th Cir. 1984) (per curiam). Whether or not the standard articulated in *Guadarrama* is equivalent to the preponderance-of-the-evidence standard, it is clear that the burden of proof in probation revocation proceedings is less than the beyond-a-reasonable-doubt standard applicable to a criminal prosecution. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008) (preponderance standard lower than reasonable doubt standard).

Based on the testimony of Officer Mesko and the arrest notes in Colgan's booking sheet, the Court finds that the Government proved by a preponderance of the evidence that Colgan violated mandatory condition # 1 of his probation. It is not clear that the Government has a burden of disproving self-defense in revocation proceedings but, even if it does, it met that burden. *See United States v. Frederickson*, 988 F.3d 76, 88-90 (1st Cir. 2021) (evaluating whether Government disproved self-defense by a preponderance of the evidence in supervised release revocation proceedings). Officer Mesko's testimony indicated that Borja instigated an argument with Colgan and hit him in the genitals. However, the arrest notes in Colgan's booking sheet indicate that Colgan dragged Borja from a bedroom, causing red marks on her body, before she hit him in the genitals. Furthermore, Officer Mesko's testimony established that Colgan is substantially larger than Borja and that he inflicted visible injuries on her while not sustaining any visible injuries himself.

Accordingly,

**IT IS ORDERED** that Defendant Xavier Joaquin Colgan's Objection (Doc. 103) is **overruled**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 97) is **accepted and adopted in full** as to Defendant Xavier Joaquin Colgan. The Court finds that Defendant violated mandatory condition # 1 of his probation, as alleged in the Petition to Revoke Probation (Doc. 78).

**IT IS FURTHER ORDERED** that a Final Disposition Hearing is set for **Wednesday, June 28, 2023, at 10:30 A.M.**, before the Honorable Rosemary Márquez.

Dated this 15th day of May, 2023.

_____
Honorable Rosemary Márquez
United States District Judge